IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jack A. Faucett, | ) | C/A No. 3:10-3093-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Jack A. Faucett, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) partially denying his claim for disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on February 21, 2012. After being granted an extension of time to file objections to the Report, the plaintiff has timely done so and the court will address the objections herein.

PROCEDURAL HISTORY

The plaintiff alleges disability as of March 22, 2007 due to cognitive disorder secondary to subarachnoid hemorrhage/traumatic brain injury, cervical and lumbar spine degenerative disease, status post right foot fracture, knee degenerative joint disease, and depression. The plaintiff has a seventh grade education, with past relevant work as a truck driver and owner of a trucking company.

Plaintiff's August 2007 DIB application was denied initially and on reconsideration. A hearing was held and the Administrative Law Judge (ALJ) issued a partially favorable decision finding plaintiff disabled as of September 28, 2008—the date the plaintiff turned 55 years old. The Appeals Council denied his request for review and the plaintiff filed this action.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by

substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant

can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## Discussion

### *The ALJ's Findings*

The ALJ found that plaintiff's impairments were severe, but that they did not meet or equal a disabling impairment in the Listings. The ALJ assessed plaintiff's Residual Functional Capacity (RFC) and concluded that pior to September 28, 2008 (the date the plaintiff turned 55), the plaintiff could perform a reduced range of light

work.  The ALJ also found that beginning September 28, 2008, the plaintiff could perform a further reduced range of light work, and that he was disabled according to the Grids because he turned 55 years old on that date.

*The Plaintiff's Claims*

The plaintiff contends that the ALJ erred by (1) improperly assessing the plaintiff's RFC; (2) finding that he was disabled on his 55th birthday rather than on the alleged onset date of March 22, 2007; (3) failing to give sufficient weight to the treating physician; and (4) failing to properly evaluate the plaintiff's pain.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge opines that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed.

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Plaintiff's Objections to the Magistrate Judge's Report*

The plaintiff's objections are broad and generally duplicative of the issues previously raised in his brief to and addressed by the Magistrate Judge in the Report and Recommendation.  The court has carefully reviewed the Magistrate Judge's Report  on these issues and finds it to be proper.  Accordingly, the plaintiff's

objections are overruled.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

March 22, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge